THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN
E. VENEGAS TRINIDAD, Defendant and Appellant.

No. CR-71-135.        Decided November 10, 1972.

*Enrique Miranda Merced* and *Fernando Gierbolini Borelli* for
appellant. *Gilberto Gierbolini, Solicitor General,* and *Peter
Ortiz, Assistant Solicitor General,* for The People.

PER CURIAM: While serving a sentence for grand larceny
in the state penitentiary, appellant was accused of two viola-
tions of the Narcotics Act of Puerto Rico (24 L.P.R.A.
§ 974z).[1] Having been found guilty and having accepted the
fact of the former conviction, he was sentenced for said two
violations of the Narcotics Act in a subsequent degree pur-
suant to the provisions of § 56 of the Penal Code, 33 L.P.R.A.
§ 131, which deals with the commission of an offense after
conviction of another.

---

[1] The trial and the judgment in the instant case took place prior to
the date of effectiveness of the new Controlled Substances Act.

Appellant assigns as sole error that "the Honorable Court erred in sentencing defendant-appellant in a subsequent degree despite the fact that § 56 of the Penal Code was not applicable to his case."

His argument is grounded on the fact that the Narcotics Act contains provisions with regard to subsequent offenses which render § 56 of the Penal Code inapplicable. In other words, that the punishment in a subsequent degree does not lie if the former offense did not constitute a violation of the Narcotics Act. He refers specifically to § 40 of the Narcotics Act (24 L.P.R.A. § 975d)[2] which reads as follows:

"§ *975d. Prior Convictions*

"Every offense committed through violating the provisions of this chapter shall be in subsequent degree whenever the accused has been previously convicted for violating any of the provisions of this chapter or of the laws hereby repealed, or of the narcotic laws of the United States or of its states or territories."

Appellant points out, without invoking any authority whatsoever, that the aforecopied provision of the Narcotics Act implies that the subsequent degree is only applied to a defendant for the violation of said act provided that the latter has been formerly convicted for another violation of the Narcotics Act of Puerto Rico or the narcotics laws of the United States or of its states and territories.

■ We have held that § 56 of the Penal Code concerning subsequent offenses is applicable even though the former and subsequent offenses are not identical or of the same nature. *Torres* v. *Rivera,* 70 P.R.R. 571 (1949); *People* v. *Ruiz,* 60 P.R.R. 149 (1942).

■ It is evident that in enacting § 975d the lawmaker sought to create a special type of second offense for cases

---

[2] Section 975d was repealed by Act No. 4 of June 23, 1971, known as the Controlled Substances Act (24 L.P.R.A. § 2101 *et seq.*); repealing clause, 24 L.P.R.A. § 2601.

where the defendant would be convicted on more than one occasion for violating drugs and narcotics laws, whether those of Puerto Rico or of the United States and its territories. For such cases the Narcotics Act (24 L.P.R.A. § 974dd) establishes special penalties which could result greater than those provided by the already mentioned § 56 of the Penal Code. In other words, the penalty for second offense in the Narcotics Act is applied exclusively if the same person is convicted on two occasions for violations of the narcotics laws.

■ On the other hand, § 975d of the Narcotics Act does not exclude the possibility that a violation of the Narcotics Act be penalized as subsequent when the defendant has formerly committed another offense not covered by said act, just as it happened in the instant case where appellant had been convicted for the offense of grand larceny. See *Acosta Linares* v. *Delgado, Warden*, 96 P.R.R. 396, 402 (1968), where we rejected a contention similar to the one at bar with regard to the offense of escape.

We conclude that there does not exist any conflict whatsoever between the provisions of § 56 of the Penal Code and § 975d of the former Narcotics Act of Puerto Rico. The foregoing analysis reveals that both provisions are compatible.

The judgment rendered in this case by the Superior Court, San Juan Part, on October 16, 1970, will be affirmed.

